FILED
JAMES BONINI
CLERK

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

10 MAR 26 PM 2:24

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

CH2M HILL, INC.
9191 S. Jamaica Street
Englewood, CO 80112

    Plaintiff

vs.

OHIO RIVER CLEAN FUELS, LLC
c/o Stephan M. Dopuch, its statutory agent
   6080 Center Street
   Mentor, Ohio 44060

and

BAARD ENERGY, L.L.C.
c/o Stephan M. Dopuch, its statutory agent
   6080 Center Street
   Mentor, Ohio 44060

    Defendants.

CASE NO.

2:10-CV-263

Judge Michael H. Watson

Magistrate Judge Norah McCann King

**COMPLAINT**

    Plaintiff CH2M HILL for its Complaint against Defendants Ohio River Clean Fuels, LLC and Baard Energy, L.L.C., state as follows:

PARTIES AND JURISDICTION

    1.    Plaintiff CH2M HILL ("CH2M") is a corporation with its principal place of business in Engelwood, Colorado.

    2.    Upon information and belief, Defendant Ohio Rivers Clean Fuels, LLC ("ORCF") is a limited liability company doing business in Ohio with its principal place of business in the state of Washington.

    3.    Upon information and belief, Defendant Baard Energy ("Baard") is a limited liability company doing business in Ohio with its principal place of business in the state of

Washington.

4. OCRF and Baard (together "Defendants"), at all relevant times, were performing work related to the construction and/or development of a coal to liquids facility within the geographic venue of this Court, specifically near Wellsville, Ohio (the "Project"). This lawsuit stems from Defendants' failure to pay CH2M for work, specifically engineering/construction/program management work, conducted at that location and relating to the Project. Thus, venue is proper in this Court.

5. This Court has jurisdiction over the parties under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

## COUNT I
### (BREACH OF CONTRACT—ORCF and Baard)

6. CH2M restates the allegations of paragraphs 1 through 5 above as the allegations of paragraph 6.

7. In approximately October, 2006, Defendants entered into a contracted with CH2M whereby CH2M was to perform engineering, construction management, and other related services in connection with the Project (the "Contract"). A Master Agreement, a copy of which is attached as Exhibit 1 and which reflects the terms of the Contract, was executed by the parties.

8. The Contract contemplated that one or both of the Defendants and CH2M would complete tasks under the Contract pursuant to various Task Orders which would take a form similar to a form contained in the Contract. In all, CH2M performed work under four different Task Orders, and the first such task order was a issued contemporaneously with the execution of the Contract.

9. True and accurate copies of each of the four Task Orders are attached as Exhibit

2. Some Task Orders were executed by the parties and some were not, however, work was performed consistently by CH2M under each Task Order, Defendants made payments under the Task Orders, and the work performed under the Task Orders was never rejected.

10. CH2M fully performed under the Contract.

11. Defendants have made some payments for work performed, however, an amount in excess of $75,000 (which will be proven at trial) is still due and owing, has been demanded of Defendants, but no further payment has been made.

12. Defendants also owe contractual interest, at the rate of 1 1/2 % montly, on the amounts owed, pursuant to paragraph 3.3.1 of Exhibit 1.

COUNT II
(QUANTUM MERUIT/
UNJUST ENRICHMENT)

13. CH2M restates the allegations of paragraphs 1 through 12 above as the allegations of paragraph 13.

14. CH2M provided a benefit to Defendants by performing the services described above.

15. CH2M provided that benefit with the expectation that it would be paid for its goods and services.

16. Defendants have retained and used the benefit provided by CH2M without paying for it.

17. It would be unjust to allow Defendants to retain and benefit from CH2M's work without paying for their reasonable value of it. Said amount will be proved at trial, but is the unpaid invoice amount.

**WHEREFORE**, Plaintiff CH2M HILL, Inc. demands judgment as follows:

A. Enter judgment in favor of CH2M HILL, Inc. and against Defendants Ohio River Clean Fuels, LLC and Baard Energy, L.L.C., jointly and severally, in an amount in excess of $75,000 which will be proven at trial on its legal and equitable claims, plus prejudgment interest at the contractual rate of 1 ½% per month and post-judgment interest at the legal rate until paid in full;

B. Enter judgment in favor of Plaintiff CH2M HILL, Inc. for its attorneys' fees, in an amount to be determined at trial;

C. award Plaintiff its costs of this action; and

D. grant Plaintiff such other, further and different relief as the Court deems just and proper.

Respectfully Submitted,

/s/ David A. Eberly
David A. Eberly (0067007)
Eberly McMahon LLC
2321 Kemper Lane, Suite 100
Cincinnati, Ohio 45206
(513) 533-1151
(513) 533-3554 FAX
deberly@emh-law.com

Attorneys for Plaintiff